Requestor: J. William O'Brien, II, Esq., Village Attorney Village of Wellsburg 200 William Street Elmira, New York 14901-3173
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person employed by a village part-time as a water pump operator may run for the position of village trustee.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
We have issued opinions concluding that a person may not simultaneously hold a position as member of the governing body of a local government (i.e., village board or town board member) and a position of employment in the same municipality. Informal Opinion No. 91-14; 1984 Op Atty Gen (Inf) 103. The basis for this conclusion is that the one position would be subordinate to the other creating incompatibility under the common law test. Ibid. We have also opined, however, that under appropriate circumstances a local government may enact a local law to overcome incompatibility with respect to particular positions. 1987 Op Atty Gen (Inf) 109; 1984 Op Atty Gen (Inf) 102; 1983 Op Atty Gen (Inf) 155 (copies enclosed).
The common law doctrine of compatibility of office does not prohibit candidacy for a second incompatible office. If the offices are incompatible, upon accepting the second office the individual would vacate the first office by operation of law.
We conclude that a part-time employee of a village may be a candidate for the position of member of the village board of trustees. Unless, however, the village can enact a local law overcoming incompatibility, upon accepting the position of village board member the individual would vacate his position of employment in the village.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.